UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY LAUREANO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LEGAL SEA FOODS, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No.<br>13-12057-FDS |

**MEMORANDUM AND ORDER**
**ON DEFENDANT'S MOTION TO DISMISS COUNT 5 OF THE COMPLAINT AND**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

**SAYLOR, J.**

This is an action alleging unlawful employment discrimination on the basis of age and disability. Plaintiff Jeffery Laureano was employed by Legal Sea Foods, LLC as a senior chef. He alleges that he was unlawfully terminated because of his age in violation of Mass Gen. Laws ch. 151, § 4(1b) and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, and because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. and Mass. Gen. Laws ch. 151B, § 4(16). He has also brought a breach-of-contract claim against defendant based on an alleged implied employment contract arising out of the policies contained in the employee handbook of Legal Sea Foods.

Defendant Legal Sea Foods has moved to dismiss the breach-of-contract claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has cross-moved to amend the breach-of-contract claim and to add a claim for breach of the

implied covenant of good faith and fair dealing. For the reasons set forth below, the Court will grant defendant's partial motion to dismiss and deny plaintiff's motion to amend the complaint.

## I. Background

For purposes of a motion to dismiss, the Court takes the factual allegations in the complaint as true.

Jeffrey Laureano began working for Legal Sea Foods in 1998. (Compl. ¶ 4). Beginning in 2002, he worked there as a senior chef. (*Id.* at ¶ 5). He suffered from several disabilities, including neck, back, shoulder, and knee injuries. (*Id.* at ¶ 9)

While working at Legal Sea Foods, Laureano injured himself several times. (*Id.* at ¶¶ 10-14). Most of those injuries were reported to Legal Sea Foods and were recorded and investigated. (*See id.* at ¶¶ 10,12). On November 26, 2007, he injured his back, and on June 21, 2008, he reported a knee injury. (*Id.* at ¶ 11). On August 9, 2008, he reported another injury to his back and neck. (*Id*). He did not miss work because of any of these injuries. (*Id.* at ¶ 12).

In late 2009 and early 2010, Laureano hurt his knee several more times. (*Id.* at ¶ 13). As a result of his knee injury, his supervisors encouraged him to take some time off. (*Id.* at ¶ 15). He missed work from April 26 to May 4, 2010. (*Id.* at ¶ 14). After being cleared by his doctor, he returned to work. (*Id.* at ¶ 22).

Around the same time, Legal Sea Foods hired a new supervisor. (*Id.* at ¶ 16). According to Laureano, the supervisor made several comments about his age and told him "that his problem was that he was old." (*Id.* at ¶¶ 16,18). Laureano reported these comments, but investigations were never completed. (*Id.* at ¶ 17,19).

While Laureano was out of work, a dishwasher sought and received permission to take

vacation time. (*Id.* at ¶¶ 20,21). The dishwasher had reported false information to Legal Sea Foods about his vacation time and issues associated with punching in to work. (*Id.* at ¶ 23).

On May 19, 2010, Laureano was asked to report to the company's corporate headquarters. (*Id.* at ¶ 24). He contends that he was accused of improperly documenting the dishwasher's time, despite not working at the restaurant at the relevant time. (*Id.* at ¶ 25). Shortly thereafter, he was discharged. (*See id.* at ¶ 27).

Laureano filed a charge of discrimination with the Massachusetts Commission Against Discrimination and with the Equal Employment Opportunity Commission in February 2011. On May 17, 2013, he filed suit in Superior Court against Legal Sea Foods, LLC, asserting claims under both federal and state law. The complaint alleges violations of Mass Gen. Laws ch. 151, § 4(1b) (Count 1); the ADEA, 29 U.S.C. § 62 (Count 2); Mass. Gen. Laws ch. 151B, § 4(16) (Count 3); and the ADA, 42 U.S.C. §§ 12101, *et seq*. (Count 4), as well as a claim for breach of contract (Count 5). Legal Sea Foods timely removed the action to this Court and moved to dismiss Count 5 for failure to state a claim upon which relief can be granted. Laureano has opposed the motion to dismiss and has cross-moved for leave to amend the complaint to amend Count 5 and to add a claim for breach of the implied covenant of good faith and fair dealing.

**II.     Analysis**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949. "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan,* 513 F.3d 301, 305 (1st Cir. 2008) (*quoting Centro Medico del Turabo*, *Inc.*, *v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### A.   Chapter 151B Exclusivity

Defendant contends that the complaint fails to state a claim for breach of contract because Mass. Gen. Laws ch. 151B is the exclusive remedy under state law for employment-discrimination claims.

Chapter 151B creates a comprehensive and exclusive statutory scheme for employment discrimination claims. *See* Mass. Gen. Laws ch. 151B, § 9 ("[A]s to acts declared unlawful by section 4, the administrative procedure provided in this chapter, shall, while pending, be exclusive; and the final determination on the merits shall exclude any other civil action, based on the same grievance with the individual concerned.").[1] According to the Supreme Judicial Court, Chapter 151B provides the exclusive remedy for employment discrimination not based on pre-existing tort law or constitutional protections. *See e.g., Charland v. Muzi Motors*, 417 Mass.

---

[1] Laureano may, however, pursue claims under the ADEA, 29 U.S.C. § 621 and the ADA, 29 U.S.C. §§ 12101, *et seq.*, because Chapter 151B cannot preempt federal law.

580, 586 (1994).

State courts and federal courts applying Massachusetts law have repeatedly dismissed common-law claims on the basis of Chapter 151B's exclusivity provision. *See, e.g., Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996) (upholding the dismissal of common-law claims, including a breach-of-contract claim, based on Chapter 151B's exclusivity provision); *Mouradian v. General Elec. Co.*, 23 Mass. App. Ct. 538, 543 (1987) (upholding the dismissal of claims for breach-of-contract and breach of implied covenant of good faith and fair dealing because "[t]he complaint merely dresse[d] a straightforward 151B claim in several different outfits"); *see also Bhawan v. Fallon Clinic*, 5 F. Supp. 2d 64, 67 (D. Mass. 1998) (barring a claim for breach of implied covenant of good faith and fair dealing based on Chapter 151B); *Jacobs v. Cider Mill Farms Co.*, 2003 WL 25945258, *6 (D. Mass. Feb. 4, 2003) (barring a breach-of-contract claim based on Chapter 151B).[2]

Plaintiff's common-law breach-of-contract claim relies on nearly identical factual allegations as his statutory discrimination claims, and therefore must be dismissed under Chapter 151B's exclusivity provision. *See Charland*, 417 Mass. at 586. The breach-of-contract count of the complaint merely realleges the factual allegations for each of the discrimination claims and then adds several facts regarding defendant's employee handbook. (Compl. ¶¶ 50-56). Even with the additional facts, the breach-of-contract claim essentially remains a discrimination claim.

---

[2] None of the cases cited by plaintiff stand for the proposition that Massachusetts recognizes common-law contract claims in the context of unlawful discrimination. In fact, no case cited even addresses Chapter 151B or state employment discrimination claims. Although *Biggins v. Hazen Paper Co.*, 953 F.2d 1405, 1416 (1st Cir. 1992), raised a federal ADEA claim, the case was vacated and remanded by the Supreme Court in *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993). There, the court did uphold a breach-of-contract claim; however, the claim was brought under a theory that the plaintiff was deprived of promised stock compensation, not that he was subject to unlawful discrimination. *Biggins*, 953 F.2d at 1408.

*See Mouradian*, 23 Mass. App. Ct. at 542. ("It is of no significance that [plaintiff]'s claims are framed in terms of several different violations of express and implied contract . . . because they all have a common denominator—a supposed entitlement to recover on common law principles for alleged wrongful termination because of age . . . .").

The proposed amendment to Count 5 does not cure that flaw. Count 5 explicitly alleges that "Legal Sea Foods, LLC breached its implied employment contract by failing to comply with its own employment policies regarding prohibitions of discrimination based on disability [and] age . . . ." (Compl. ¶ 54). The proposed amended complaint simply copies verbatim this same factual allegation and then adds a statement regarding defendant's failure to investigate those offenses. (Amend. Compl. ¶ 54). Because "[t]he complaint merely dresse[d] a straightforward 151B claim in several different outfits," the breach-of-contract claim will be dismissed for failure to state a claim and plaintiff's motion to amend the complaint as to Count 5 will be denied. *See Mouradian*, 23 Mass. App. Ct. at 542; *see also Jacobs*, 2003 WL 25945258 at *6.

Likewise, plaintiff's proposed claim for breach of the implied covenant of good faith and fair dealing would also be subject to dismissal under Chapter 151B's exclusivity provision. *See Melley v. Gillette Corp.*, 19 Mass. App. Ct. 511, 514 (Mass. App. Ct. 1985). It is true that a defendant may be held liable under some circumstances for breach of the implied covenant of good faith and fair dealing when the termination violates clearly established public policy. *Id.* at 511. However, Massachusetts courts have repeatedly asserted that the public policy against discrimination is already protected by Chapter 151B in a comprehensive and exclusive legislative scheme. *Id.*; *see also St. Arnaud v. Chapdelaine Truck Center, Inc.*, 836 F.Supp. 41, 43 (D. Mass. 1993) (dismissing claim for breach of implied covenant of good faith and fair

dealing because the public policy against discrimination is already comprehensively covered by Chapter 151B); *Flynn v. New England Telephone Co.*, 615 F.Supp. 1205, 1210 (D. Mass. 1985) (same).  Because the remedy for employer discrimination is exclusive, Chapter 151B, the complaint fails to state a claim as to proposed Count 6.  *See St. Arnaud*, 836 F.Supp. at 43; *Flynn*, 615 F. Supp. at 1210.  Therefore, plaintiff's motion to amend the complaint will be denied as futile.

### III.     Conclusion

For the foregoing reasons, the defendant's partial motion to dismiss as to Count 5 is GRANTED and the plaintiff's motion to amend the complaint is DENIED.

**So Ordered.**

Dated: October 9, 2013

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge